## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOAN CARSTEN, individually, and on behalf of all others similarly situated, | CASE NO: |
| *Plaintiff,* | |
| v. | COMPLAINT - CLASS ACTION |
| UNIVERSITY OF MIAMI, a Florida not-for-profit corporation, | JURY TRIAL DEMANDED |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff, Joan Carsten, individually and on behalf of all persons similarly situated (the "Class" or "Class Members"), by and through undersigned counsel, brings this Class Action Complaint against Defendant, University of Miami, a foreign limited liability corporation, and alleges:

## NATURE OF THE ACTION

1.  Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), Plaintiff brings this consumer class action lawsuit against the Defendant, University of Miami, for its failure to adequately safeguard and secure the medical records and other personally identifiable information including names, dates of birth, social security numbers, billing information and other highly confidential health information (collectively "Personally Identifiable Information" or "PII") of Plaintiff and Class Members, and to address the damage caused as a result.

2.  The present case stems from the unauthorized access of University of Miami's computer storage systems. In or around the Summer of 2014, on an exact date known by

Defendant, Defendant learned that unauthorized access to the PII of Plaintiff and Class Members maintained in records maintained by an offsite storage vendor retained by Defendant had occurred.

3. Social security information and health related information of the type that was accessed is entitled to high level of protection due to its private and confidential nature. The protection to which this information is entitled is recognized by statutory and case law, including HIPAA. The combination of this information with the names and birth dates of Plaintiff and Class Members enhances the sensitivity of the information, making it susceptible to abuse and exploitation, and requires the utmost protection in its handling. Defendant knew and understood the confidential and private nature of the PII of Plaintiff and Class Members and owed a duty to Plaintiff and Class Members to protect and maintain the confidentiality of the PII. In particular, social security numbers are a form of national identifier and are not easily replaced. Unlawful exploitation of social security numbers costs the federal government hundreds of millions of dollars a year and extols a severe financial toll on persons whose social security numbers are stolen and/or misappropriated.

4. Despite Defendant's duty to expeditiously notify individuals that their PII may have been compromised, Defendant kept its knowledge of the data breach secret from the Plaintiff and Class Members until sending Plaintiff and Class Members a letter on February 3, 2014, over 6 months and as many as 9 after Defendant learned that the PII was compromised and misappropriated.

5. As a result of Defendant's failure to adequately protect and secure Plaintiff's and Class Members' PII, unauthorized individuals gained access to and obtained PII belonging to Plaintiff and Class Members.

6. Defendant's failure to maintain reasonable and adequate procedures to protect and secure Plaintiff's and Class Members' PII and Defendant's failure to provide Plaintiff and Class Members with timely information regarding the unauthorized access to their PII, has resulted in Plaintiff and Class Members being placed at grave risk of identity theft and other possible fraud and abuse.

7. Plaintiff and Class Members have suffered irreparable damage and will continue to suffer damages from the misuse of their PII. As a proximate result of the unauthorized access, Plaintiff and Class Members have had their PII compromised, their privacy invaded, have incurred or will incur out-of-pocket costs and have otherwise suffered economic damages. The protection through the issuance of an injunction against continued and future unauthorized intrusions and access is necessary to safeguard the PII of Plaintiff and Class Members.

8. Plaintiff expressly reserves the right to supplement this Complaint as other information relevant to this action becomes available.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff, Joan Carsten, is an individual residing in Miami-Dade County, Florida.

10. Defendant, University of Miami is a Florida not–for–profit corporation with its principal place of business in Miami, Florida. University of Miami operates a medical school and health care system in this district and is subject to personal jurisdiction in this district.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case presents a federal question arising under the laws of the United States. This Court also has supplemental subject matter jurisdiction over the state law allegations raised in this Complaint as provided by 28 U.S.C. § 1367(a).

12. Venue is proper in this judicial district under 28 U.S.C. §1391(a)(2), (b) and (c) because, as alleged in this Complaint, Defendant conducted and transacted substantial business in this district, a substantial portion if not all of the events and conduct giving rise to the violations complained of in this action occurred in this district, and Defendant is located and conducts business with consumers in this district.

## FACTUAL ALLEGATIONS

13. Plaintiff and Class Members are residents of Florida and possibly various states throughout the United States.

14. Defendant, by providing medical services to its patients, including Plaintiff and Class Members, obtained PII of Plaintiff and Class Members and reduced this information to paper records and perhaps electronic records. The PII of Plaintiff and Class Members is not otherwise available to the public and is private and confidential nature.

15. Defendant sent the PII of Plaintiff and Class Members to a third party offsite records vendor without the knowledge and consent of Plaintiff and Class Members, and without securing it in a manner that would prohibit unauthorized access to it. Defendant stored and maintained access to this PII.

16. It is believed that these records pertained to thousands of former patients of Defendant. Because Defendant conducts business in this state, section 817.5681 of the Florida Statutes place an affirmative duty on both companies to provide timely notice of any breach of the security of the system to any resident of this state whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person.

17. By letter dated February 3, 2014, Defendant notified Plaintiff and Class Members of the data breach. A copy of the letter sent by Defendant is attached as exhibit A.

18. Defendant acknowledged in the letter that it learned that the third party vendor was not able to locate the records on June 27, 2013 and that it confirmed that the records were not in the possession of the vendor or the University on August 28, 2013. Surprisingly, Defendant did not explain its delay in notifying Plaintiff and Class Members of their theft of PII and this breach of security.

19. Without the consent or knowledge of Plaintiff and Class Members, Defendant enabled unauthorized persons to access Plaintiff's and Class Members' PII by directly transferring their records to an outside vendor to store the records offsite. Defendant did not adequately secure Plaintiff's and Class Members' PII and permitted unrestricted access to Plaintiff's and Class Members by unknown others, including employees of the outside vendor, without Plaintiff's and Class Member's consent. As a result, on a date known specifically to Defendant, an unauthorized person or persons, intentionally accessed Plaintiff's and Class Members' PII, and then intentionally misused the PII and intentionally disclosed the PII to third parties for profit, causing damage to Plaintiff and Class Members.

## INDIVIDUAL PLAINTIFF'S ALLEGATIONS

20. Plaintiff, Joan Carsten, was a patient of Defendant and, without her knowledge and consent, intentionally divulged and made her PII available to others who were not employees of Defendant. Defendant did not adequately secure Plaintiff's PII and created an environment to permit the unauthorized disclosure to others without Plaintiff's consent. Consequently, Defendant intentionally disclosed Plaintiff's PII to a third party who misused her PII or intentionally transmitted it to others without her consent. Defendant's actions materially compromised the security and confidentiality of her PII and directly and proximately resulted in the misuse of PII contained in her records to make unauthorized purchases from her bank

account. It is particularly disturbing to Mrs. Carsten and other Class Members that Defendant acknowledges that it knew about the breach for a significant amount of time prior to making any information about the breach known to Plaintiff and Class Members.

21.     To date, Defendant has not provided Plaintiff or the Class Members with notification of specific information regarding the breach, or even what action has been taken to safeguard and protect the PII from further intrusion.

22.     As a direct result of Defendant's failure to maintain reasonable and adequate procedures to protect and secure her PII and Defendant's failure to provide Plaintiff with timely information regarding the unauthorized access to her PII, Plaintiff has suffered money damages, including but not limited to the lost monetary value of her PII, out-of-pocket expenses and the loss of her rights to privacy.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on her own behalf and on behalf of all others similarly situated as permitted by Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3). Plaintiff is informed and believes there are at least thousands in the proposed Class. The proposed Class consists of:

> **All persons throughout the United States who were patients of Defendant and who had their personal identifying information breached.**

Defendant is excluded from the Class as well as any entity in which the Defendant has a controlling interest, along with Defendant's legal representatives, officers, directors, assignees and successors. Also excluded from the Class is any judge to whom this action is assigned, together with any relative of such judge, and the spouse of any such persons.

24.     The Class is so numerous that joinder of all Members is impracticable.

25. The common questions of law and fact among all Class Members predominate over any issues affecting individual Class Members and include the following:

   a. Whether Defendant failed to implement and maintain commercially reasonable procedures to ensure the security of Plaintiff's and Class Members' PII;

   b. Whether Defendant failed to adequately secure PII stored in its processing system;

   c. Whether Defendant took reasonable measures to determine the extent of the data breach;

   d. Whether Defendant acted negligently in failing to implement and maintain commercially reasonable procedures to secure Plaintiff's and Class Members' PII;

   e. Whether Defendant acted negligently in delaying or failing to inform Plaintiff and Class Members of the data breach;

   f. Whether Defendant's conduct constitutes negligence;

   g. Whether Defendant negligently violated the Fair Credit Reporting Act by failing to adopt and maintain reasonable procedures to safeguard Plaintiff's and Class Members' PII;

   h. Whether Defendant willfully violated the Fair Credit Reporting Act by failing to adopt and maintain reasonable procedures to safeguard Plaintiff and Class Members' PII;

   i. Whether Defendant's conduct was unfair, deceptive, and/or unconscionable;

   j. Whether Defendant invaded the privacy of Plaintiff and the Class Members;

      k. Whether Plaintiff and Class Members are entitled to injunctive and declaratory relief;

      l. Whether Plaintiff and the Class Members have sustained monetary loss and the proper measure of that loss; and

      m. Whether Plaintiff and the Class Members have sustained consequential loss, and, if so, to what measure.

26. Plaintiff will fairly and adequately protect the interests of the Class.

27. Plaintiff's claims are typical of those of other Class Members, as there are no material differences in the facts and law underlying their claims and Plaintiff's prosecution of their claims will advance the claims of all Class Members.

28. Plaintiff has retained competent counsel experienced in the prosecution of this type of Class litigation.

29. Class treatment of the claims set forth in this Complaint is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the proposed Class Members to prosecute their claims individually. Absent a class action, a multiplicity of individual lawsuits would be required to address the claims between the Class Members and Defendant so that inconsistent treatment and adjudication of the claims would likely result.

30. The litigation and trial of Plaintiff's claims are manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the readily ascertainable identities of many Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

31. Adequate notice can be given to Class Members directly using information maintained in Defendant's records or through publication.

32. Unless a Class-wide injunction is issued, Defendant may fail to properly secure the PII of Plaintiff and Class Members, may continue to refuse to provide proper notification to Plaintiff and Class Members regarding the scope of the data breach, and may continue to act unlawfully as set forth in this Complaint.

33. Defendant has acted or refused to act on grounds that apply generally to the Class, making final injunctive and declaratory relief appropriate to the Class as a whole.

34. Defendant's acts and omissions are the direct and proximate cause of damage described more fully in the succeeding paragraphs of this Complaint.

## COUNT I

### Negligence

35. Plaintiff repeats and fully incorporates the foregoing allegations as if fully set forth in this Count.

36. Upon accepting and storing Plaintiff's and Class Members' PII in their respective computer database systems, Defendant undertook and owed a duty to Plaintiff and Class Members to exercise reasonable care to secure and safeguard that information and to utilize commercially reasonable methods to do so. Defendant knew that he the PII was private and confidential and that Defendant was obligated to protect the PII as private and confidential.

37. The law imposes an affirmative duty on Defendant to timely disclose the unauthorized access and theft of the PII to Plaintiff and the Class so that Plaintiff and Class Members could take appropriate measures to mitigate damages, protect against adverse consequences, and thwart future misuse of their PII.

38. Defendant breached its duty to notify Plaintiff and Class Members of the unauthorized access by waiting many months after learning of the breach to notify Plaintiff and Class Members of the breach. To date, Defendant has not provided sufficient information to Plaintiff and Class Members regarding the extent of the unauthorized access and continues to breach its disclosure obligations to Plaintiff and the Class.

39. Defendant also breached its duty to Plaintiff and the Class Members to adequately protect and safeguard this information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII. Furthering its dilatory practices, Defendant failed to provide adequate supervision and oversight of the PII with which it is entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted a third party to access Plaintiff's and Class Members' PII, misuse the PII and intentionally disclose it to others without consent.

40. Through Defendant's acts and omissions described in this Complaint, including Defendant's failure to provide adequate security and its failure to protect Plaintiff's and Class Members' PII from being foreseeably captured, accessed, disseminated, stolen and misused, Defendant unlawfully breached its duty to use reasonable care to adequately protect and secure Plaintiff's and Class Members' PII during the time it was within Defendant's possession or control.

41. Further, through its failure to provide timely and clear notification of the data breach to consumers, Defendant prevented Plaintiff and Class Members from taking meaningful, proactive steps to secure their financial data and bank accounts.

42. Upon information and belief, Defendant improperly and inadequately safeguarded PII of Plaintiff and Class Members in deviation of standard industry rules, regulations, and practices at the time of the unauthorized access.

43. Defendant's failure to take proper security measures to protect Plaintiff's and Class Members' sensitive PII as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of Plaintiff's and Class Members' PII.

44. Defendant failed to take proper security measures to protect Plaintiff's and Class Members' sensitive PII. Defendant's conduct was grossly negligent and departed from all reasonable standards of care, including, but not limited to: failing to adequately protect the PII; failing to conduct regular security audits; failing to provide adequate and appropriate supervision of persons having access to Plaintiff's and Class Members' PII; and failing to provide Plaintiff and Class Members with timely and sufficient notice that their sensitive PII had been compromised.

45. Neither Plaintiff nor the other Class Members contributed to the data breach and subsequent misuse of their PII as described in this Complaint.

46. As a direct and proximate cause of Defendant's conduct, Plaintiff and the Class suffered damages including, but not limited to unauthorized charges to their bank accounts obtained through the use of the PII of Plaintiff and Class Members; and damages from identity theft, which may take months if not years to discover and detect, given the far-reaching, adverse and detrimental consequences of identity theft and loss of privacy. The nature of other forms of economic damage and injury may take years to detect and the potential scope can only be

assessed after a thorough investigation of the facts and events surrounding the theft mentioned above.

## COUNT II

### Willful Violation of Fair Credit Reporting Act

47. Plaintiff repeats and incorporates the foregoing allegations as if fully set forth in this Count.

48. The Fair Credit Reporting Act ("FCRA") defines "a consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is collected in whole or in part for the purpose of establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. §1681a(d).

49. By collecting, gathering and storing information bearing on consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living Defendant creates "consumer reports" on its patients, which it regularly transmits to medical service providers affiliated with the University of Miami on a cooperative non-profit basis to use for the purpose of establishing patient's eligibility for credit for medical treatments and services, rendering Defendant a "consumer reporting agency" under the FCRA.

50. The FCRA requires consumer reporting agencies to adopt and maintain reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

insurance and other information in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, and proper utilization of such information. 15 U.S.C. § 1681b.

51. In addition, a consumer reporting agency may only furnish a consumer report to another for a permissible purpose enumerated under 15 U.S.C. § 1681b.

52. Defendant violated the FCRA by failing to adopt and maintain reasonable procedures pursuant to 15 U.S.C. § 1681b in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy, and proper utilization of such information. In addition, Defendant violated the FCRA because, by its failure to maintain reasonable procedures, unauthorized third parties gained access to consumer report information absent a permissible purpose.

53. Defendant's failure to adopt and maintain reasonable procedures in compliance with the FCRA was willful.

54. As a result of Defendant's willful violation of the FCRA, Plaintiff's and Class Members' PII was accessed by third parties who gained unauthorized access to the information contained in Defendant's records.

55. As a direct and proximate cause of Defendant's conduct, Plaintiff and Class Members have and will continue to suffer damages, including but not limited to, the lost value of their PII, out-of-pocket losses, expenses for credit monitoring and identity theft insurance, and loss of privacy.

56. Plaintiff and Class Members are entitled to compensation for their damages as described above, or statutory damages of not less than $100 and not more than $1,000 for Plaintiff and each Class Member, punitive damages in an amount to be established by the Court and attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a).

## COUNT III

### Negligent Violation of Fair Credit Reporting Act

57. Plaintiff repeats and incorporates the foregoing allegations as if fully set forth in this Count.

58. Defendant owed a duty to Plaintiff and Class Members to safeguard the security of their PII and to adopt reasonable procedures pursuant to 15 U.S.C. § 1681(b) in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information.

59. Defendant negligently failed to adopt and maintain reasonable procedures in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information in compliance with FCRA. In addition, Defendant negligently violated the FCRA because, by its failure to maintain reasonable procedures, unauthorized persons gained access to consumer report information absent a permissible purpose.

60. Plaintiff and Class Members suffered harm as a result of Defendant's negligent violation of FCRA, including but not limited to the lost value of their PII, out-of-pocket losses, expenses for credit monitoring and identity theft insurance, and loss of privacy.

61. Plaintiff and Class Members are entitled to compensation for their damages as described above, and attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a).

## COUNT IV

### Violations of Florida's Deceptive and Unfair Trade Practices Act

62. Plaintiff repeats and incorporates the foregoing allegations as if fully set forth in this Count.

63. The Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") is expressly intended to protect "consumers" like Plaintiff and Class Members from unfair or deceptive trade practices.

64. Plaintiff and Class Members have a vested interest in the privacy, security and integrity of their PII, therefore, this interest is a "thing of value" as contemplated by FDUTPA.

65. Defendant is a "person" within the meaning of the FDUTPA and, at all pertinent times, was subject to the requirements and proscriptions of the FDUTPA with respect to all of their business and trade practices described herein.

66. Plaintiff and Class Members are "consumers" "likely to be damaged" by Defendant's ongoing deceptive trade practices.

67. Defendant's unlawful conduct as described in this Complaint, was facilitated, directed, and emanated from Defendant's headquarters to the detriment of Plaintiff and Class Members.

68. Defendant engaged in unfair and deceptive trade practices by holding itself out as providing as secure online environment and by actively promoting trust online with consumers, which created in consumers' minds a reasonable expectation of privacy to all consumers by promising that consumers' PII is safe with Defendant, but then failed to take commercially reasonable steps to protect the PII with which it is entrusted.

69. Defendant violated FDUTPA by failing to properly implement adequate, commercially reasonable security measures to protect consumers' sensitive PII.

70. Defendant also violated FDUTPA by failing to immediately notify affected Plaintiff and Class Members of the nature and extent of the data breach.

71. Defendant failed to properly implement adequate, commercially reasonable security measures to hold this information in strict confidence, failed to safeguard Plaintiff's and Class Members' PII, and failed to protect against the foreseeable loss and misuse of this information.

72. Plaintiff and Class Members have suffered ascertainable losses as a direct result of Defendant's employment of unconscionable acts or practices, and unfair or deceptive acts or practices.

73. Under FDUTPA, Plaintiff and the Class are entitled to preliminary and permanent injunctive relief without proof of monetary damage, loss of profits, or intent to deceive. Plaintiff and the Class seek equitable relief and to enjoin Defendant on terms that the Court considers appropriate.

74. Defendant's conduct caused and continues to cause substantial injury to Plaintiff and Class Members. Unless preliminary and permanent injunctive relief is granted, Plaintiff and the Class will suffer harm, Plaintiff and the Class Members do not have an adequate remedy at law, and the balance of the equities weighs in favor of Plaintiff and the Class.

75. At all material times, Defendant's deceptive trade practices are willful within the meaning of FDUTPA and, accordingly, Plaintiff and the Class are entitled to an award of attorneys' fees, costs and other recoverable expenses of litigation.

## RELIEF SOUGHT

**FOR ALL THESE REASONS**, Plaintiff individually and on behalf of all others similarly situated, seeks relief as more fully set forth in this Complaint as follows:

    a. For an order certifying that the action may be maintained as a class action, under Rule 23, Federal Rules of Civil Procedure and certifying Plaintiff, Joan

  Carsten, as Class Representative, and designating her counsel as Counsel for the Class;

b. Finding that Defendant breached their duty to safeguard and protect Plaintiff's and Class Members' PII;

c. For an award of equitable relief as follows:

  i. Requiring Defendant to adequately safeguard Plaintiff's and Class Members' PII, which may include requiring University of Miami to destroy Plaintiff's and Class Members' PII, and subject itself to an independent audit to ensure this information is adequately safeguarded

  ii. Enjoining Defendant from engaging in similar unfair, unlawful, and deceptive misconduct in the future;

  iii. Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the wrongful conduct described in this Complaint;

  iv. Requiring Defendant to disgorge all ill-gotten gains flowing from the wrongful conduct described in this Complaint;

  v. Requiring Defendant to engage in a correct notice campaign;

d. For an award of attorney's fees and costs;

e. For an award of damages to be determined at trial; and

f. For any further legal and equitable relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Respectfully submitted,

/s/ John A. Yanchunis
**JOHN A. YANCHUNIS, ESQUIRE**
FBN: 0324681
jyanchunis@forthepeople.com
**MORGAN & MORGAN, P.A.**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505 Telephone
(813) 223-5402 Facsimile