**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:14-cv-20497-WILLIAMS**

JOAN CARSTEN, individually, and on
behalf of all others similarly situated,

                               *Plaintiff*,

v.

UNIVERSITY OF MIAMI, a Florida
not-for-profit corporation ,

                              *Defendant*.

---

## FINAL JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT, AWARDING INCENTIVE FEES TO CLASS REPRESENTATIVE, AND AWARDING ATTORNEYS' FEES AND EXPENSES TO CLASS COUNSEL

**THIS MATTER** is before the Court on Plaintiff's Unopposed Motion for Final Approval of Settlement Agreement and Memorandum of Law in Support Thereof [ECF No. 37] and Plaintiff's Motion for an Award of (i) Attorney's Fees, Costs and Expenses and (ii) Incentive Award to Class Representative and Memorandum of Points and Authorities in Support Thereof [ECF No. 36]. The "Settling Parties" consist of Class Representative, Joan Carsten ("Plaintiff" or "Class Representative") and Defendant, University of Miami ("Defendant").

On August 8, 2014, Plaintiff filed her Motion for Preliminary Approval asking the Court to approve a proposed Settlement Agreement and Release ("Settlement Agreement"). On August 14, 2014, the Court conditionally certified the Settlement Class and preliminarily approved the Settlement Agreement. Plaintiff now seeks final certification of the Settlement Class and final approval of the Settlement Agreement.

1

The Class Representative also seeks approval of an incentive award to the Class Representative and attorney's fees, costs and expenses for Class Counsel, which Settling Defendant has agreed not to object to, up to the amount requested in the application. A final fairness hearing was held on all of these issues on December 10, 2014 ("Fairness Hearing").  At that hearing, the Court ordered Plaintiff's counsel to submit a more detailed fee statement.  On December 15, 2014, Plaintiff's counsel complied and submitted an affidavit and a detailed fee sheet (DE 40).

The Court has considered information material to making this decision, including: (i) all motions, memoranda and papers filed in support of the Settlement Agreement; (ii) the declarations of the Class Representative, Class Counsel, the Director of the University of Miami Miller School of Medicine's Office of HIPAA Privacy and Security, and Mediator Brian F. Spector; and (iii) arguments of counsel for Plaintiff and counsel for Defendant.

For the reasons set forth below, and in accordance with the rulings made at the December 10, 2014 hearing, the Court continues and makes final its certification of the Settlement Class, approves the Settlement Agreement, approves an incentive award to Class Representative in the amount of $1,500.00, and approves attorney's fees, costs and expenses to Plaintiffs' counsel in the amount of $90,000.00.  Being otherwise fully advised in the premises, the Court orders and adjudges as follows:

## I.    HISTORY OF THE LITIGATION

This case stems from a class action complaint that Plaintiff filed against Defendant, wherein Plaintiff alleged that Defendant lost certain highly confidential information of Plaintiff and class members in violation of their important privacy rights.

2

After mediation, Plaintiff reached a class-action settlement with Defendant that is the subject of this Order.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.        CERTIFICATION OF THE SETTLEMENT CLASS

"A class may be certified 'solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue.'" *Lipuma v. American Express Co.,* 406 F. Supp. 2d 1298, 1314 (S.D. Fla. 2005) (quoting *Woodward v. NOR-AMChem. Co.,* 1996 WL 1063670 *14 (S.D. Ala. 1996)); *see also Borcea v. Carnival Corp.,* 238 F.R.D. 664, 671 (S.D. Fla. 2006).   Whether a class is certified for settlement or for trial, the Court must find that the prerequisites for class certification under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met. *Lipuma,* 406 F. Supp. 2d at 1314. The Court hereby makes final its prior conditional certification of the following Settlement Class in this action:

> Those patients of the University of Miami Miller School of Medicine whose protected health information was contained within documents stored with a document storage vendor that could not be located in 2013.

> Excluded from the Class are: anyone who has opted out/excluded themselves from the Settlement Class; anyone who has waived or released any claims against the University of Miami regarding the Incident described in the Settlement Agreement; Defendant, any entity in which the Defendant has a controlling interest, along with Defendant's legal representatives, officers, directors, assignees, and successors; and any judge to whom this action is assigned, together with any relative of such judge, and the spouse of any such persons.

Rule 23(a) of the Federal Rules of Civil Procedure has the following requirements for class certification: "(1) the class is so numerous that joinder of all members is

3

impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Courts often refer to these factors as numerosity, commonality, typicality, and adequacy. *See, e.g., Davis v. Coca-Cola Bottling Co.,* 516 F.3d 955, 966 (11th Cir. 2008).

### 1.    Numerosity

The numerosity requirement under Rule 23(a)(1) requires "that the class is so numerous that joinder is impracticable, not impossible." *Lipuma,* 406 F. Supp. 2d at 1314 (citing *Kreuzfeld, A.G. v. Carnehammar,* 138 F.R.D. 594, 599 (S.D. Fla. 1991)); *see also Armstead v. Pingree,* 629 F.Supp. 273, 279 (M.D. Fla. 1986) (explaining that the focus of the numerosity inquiry is not whether the number of proposed class members are "too few" to satisfy the Rule, but "whether joinder of proposed class members is impractical."). There is no definite standard as to the size of a given class. *Fabricant v. Sears Roebuck,* 202 F.R.D. 310, 313 (S.D. Fla. 2001). As explained in *Evans v. US. Pipe & Foundry Co.,* 696 F.2d 925, 930 (11th Cir. 1983), a plaintiff need not show the precise number of members of the class to substantiate numerosity: "[W]hile there is no fixed numerosity rule, 'generally less than 21 is inadequate, more than 40 is adequate, with numbers between varying according to other factors.'" *Id* (quoting *Cox v. American Cast Iron Pipe Co.,*784 F.2d 1546, 1552 (11th Cir. 1986).

The Court finds that the Settlement Class is estimated to include 13,319 individuals.  Declaration of Sharon A Budman [ECF No. 17-6].  Under any standard, for

purposes of settlement, the Court concludes that the numerosity requirement set forth in Rule 23(a)(1) is met in this case.

### 2.   Commonality

The commonality inquiry requires that plaintiffs' claims raise "at least one" question of law or fact common to the members of the class. *Fabricant,* 202 F.R.D. at 313. Commonality will be satisfied where questions of law refer to standardized conduct by the defendants. *In re Amerifirst Sec. Litig.* 139 F.R.D. 423, 428 (S.D. Fla. 1991). Establishing commonality does not require complete identity of the plaintiffs' claims. *CV Reiz, Inc., v. Levy,* 144 F.R.D. 690, 696 (S.D. Fla. 1992). "[I]t is not necessary that all questions of fact or law be common, but only that some questions are common..." *Klay v. Humana, Inc.,* 382 F.3d 1241, 1254 (11th Cir. 2004).

In this case, for purposes of settlement, the Court finds that the Settlement Class members are commonly united because, at a minimum, Plaintiff has alleged common violations of their privacy rights arising out of a common incident and have claimed violations of the Florida Deceptive and Unfair Trade Practices Act.   In the case presented, the Court notes that all members of the Settlement Class are entitled to the protection of their important privacy rights, and share a common legal remedy: substantive injunctive relief and damages. Therefore, for purposes of settlement, the Court concludes that there is legal and factual cohesiveness among Settlement Class members to satisfy the commonality requirement of Rule 23(a)(2).

### 3.   Typicality

The typicality inquiry under Rule 23(a)(3) requires the Court to determine that the claims of the class representative is "typical of the claims or defenses of the class." Fed.

5

R. Civ. P. 23(a)(3). "Typicality requires a nexus between the class representative's claims or defenses and the common questions of fact or law which unite." *Fabricant,* 202 F.R.D. at 313 (citing *Kornberg v. Carnival Cruise Lines,* 741 F. 2d 1332, 1337 (11th Cir. 1984)). Typicality, however, does not mean that the class representative's claims must be identical to the claims of the class members.  Rather, typically is satisfied where the interests of the named parties arise from the same course of conduct that gave rise to the claims of the class they seek to represent and are based on the same legal or remedial theory.  *Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir. 1985); *Brinkerhoff v. Rockwell Int'l Corp.,* 83 F.R.D. 479, 480 (N.D. Tex. 1979) (typicality requires "that the claims or defenses of the class 'resemble' or 'exhibit the essential characteristics' of those of the representatives").  A plaintiff's claims are typical of the class "if they stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory." *Walco Investments, Inc.* v. *Thenen,* 168 F.R.D. 315, 326 (S.D. Fla. 1996).

In this case, for purposes of settlement, the Court finds that Class Representative's claims are typical of the Settlement Class members.  Class Representative and Settlement Class members share a common interest in ensuring the privacy of their information provided to Defendant.  The crux of the allegations in this case is that Defendant did not adequately protect the security of the protected health information of Plaintiff and Settlement Class members.  The Court notes that the injunctive relief sought by the Class Representative applies to the Settlement Class members equally. Moreover, Settlement Class members will be entitled to seek to recover damages for the type of monetary injury which they may have sustained.  Thus,

6

for purposes of settlement, the Court finds that Class Representative's interest in protecting the privacy of her protected health information is typical of the claims of the Settlement Class members.

### 4.   Adequacy of Representation.

Rule 23 also requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  What constitutes adequacy is a question of fact that depends upon the circumstances of each case and is entrusted to the discretion of the trial court. *Kirkpatrick v. J C. Bradford & Co.*827 F.2d 718, 727 (11th Cir. 1987); *see also* 7A CHARLES A. WRIGHT, ARTHUR R. MILLER AND MOSEY K. KANE, FED. PRACTICE & PROCEDURE § 1765, at 271 (1986). Rule 23(a)(4)'s adequacy requirement has two components: (1) the class representatives have interests in common; and (2) class counsel are qualified, experienced, and generally able to conduct the litigation. *Kirkpatrick,* 827 F.2d at 726; *Griffin* v. *Carlin,* 755 F.2d 1516, 1533 (11th Cir. 1985); *Fabricant,* 202 F.R.D. at 314. The Supreme Court has held that a district court must determine that class representatives and class counsel are free from conflicts of interest with absent class members. *Amchem Products, Inc.* v. *Windsor,* 521 U.S. 591, 625-26 (1997).  For purposes of settlement, the Court finds that the record well supports the adequacy requirements in this case.

### a.   Class Representative is Adequate

Looking first to the Class Representative, for purposes of settlement, the Court finds that Joan Carsten has fulfilled her obligations.  The Class Representative actively participated in this case for the benefit of the Settlement Class.  *See* Carsten Decl.  The

7

Class Representative had significant involvement in all facets of the litigation, including the mediation negotiations that led to the proposed settlement. *Id.*

As to the Settlement Agreement, for purposes of settlement, the Court finds that the Class Representative understood the privacy issues at issue and was motivated to protect the privacy of the Settlement Class members and herself, through the proposed injunctive and monetary relief. The Court also notes that the Class Representative appreciated the terms, nature, and scope of the Settlement. *See* Yanchunis and Carsten Decls. Ms. Carsten has sworn that the Settlement Agreement is a benefit to the Settlement Class as it provides important privacy protection. *Id.* She further testified that her motivation in participating and undertaking this case was to change the behavior of Defendant, to seek damages for the class, and to protect the privacy interests of the Settlement Class. *Id.*

Thus, for purposes of settlement, the Court finds that the Class Representative is not being treated differently than the Settlement Class members. Although the Class Representative seeks an incentive award, the incentive award is not to compensate the Class Representatives for damages, but to reward her for her efforts on behalf of the Settlement Class. The Court finds it significant that the incentive awards were negotiated only after the terms of the settlement were reached among the Settling Parties. *See* Spector Decl.; Yanchunis Decl.

### b. Class Counsel is Adequate

The Court now turns to Class Counsel's adequacy. The Class Counsel attorneys have experience in complex litigation and class actions. The Court finds that Class Counsel has expended effort to achieve the results proposed in the Settlement

Agreement.  Class Counsel engaged in pre-suit investigation and informal discovery practice. *See* Yanchunis Decl.

The Court reviewed the declaration of the mediator and finds that during the mediation, Class Counsel participated in a face-to-face meeting and phone conferences with Defendant. The mediator affirmed that the topics of incentive awards for the Class Representative and attorneys' fees for Class Counsel were not raised until after all of the material settlement terms were negotiated.  *See* Spector Decl.  These facts are undisputed. As such, for purposes of settlement, the Court concludes that Class Counsel is adequate.

### 5.    Class Certification under Rule 23(b)(3) is Appropriate

In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the subsections of Rule 23(b).  In this case, certification was and is proper for purposes of settlement under Rule 23(b)(3). Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Pursuant to the aforementioned standards, for purposes of settlement, the Court determines that certification of a Settlement Class under Rule 23(b)(3) was and is appropriate in this case. For purposes of settlement, the Court finds that common questions of fact and law predominate over questions of fact and law affecting only individual members of the Class.  A Class Settlement will ensure that funds are available to compensate injured Class Members.  Rule 23(b)(3) also requires that the class action device be superior to other methods of adjudication.  Factors the Court may

9

consider are:  (A) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class.  Any difficulties of management of the Class need not be considered in this settlement context.  *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 617 (1997); *Sullivan v. DB Invs., Inc.,* 667 F.3d 273,302-303 (3d Cir. 2011) (holding that potential variances in different states' laws would not defeat certification of a settlement-only class because trial management concerns were not implicated by a settlement-only class ,as opposed to a litigated class).  For purposes of settlement, the Court finds that a class action settlement is superior to other means of resolution because a settlement affording Settlement Class members an opportunity to receive compensation benefits all parties.

      **B.**            **THE SETTLEMENT AGREEMENT**

      Under Rule 23(e), the Court will approve a class action settlement if it is "fair, reasonable, and adequate."   Fed. R. Civ. P. 23(e)(2).   Factors to consider in determining whether a settlement is fair, reasonable, and adequate include: "(1)the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984). In

considering whether the proposed settlement should be approved as fair, reasonable, and adequate, the Court considered these factors as well as the absence of any collusion and the judgment of experienced counsel for the parties. *Id; Lipuma,* 406 F. Supp. 2d at 1314.

Beginning with the likelihood of success at trial, the Court finds that Plaintiff's likelihood of success is not certain in this case.  Aside from the challenges to class certification, the issues of causation and damages were tremendous challenges. Absent settlement, an expensive and time consuming trial on the merits is the only way that these issues can be resolved. Thus, the Court concludes that because success at trial is not certain for Plaintiff, this factor weighs in favor of accepting the settlement.

"The second and third considerations of the *Bennett* test are easily combined." *Behrens,* 118 F.R.D. at 541. In terms of the range of possible recovery, the Florida Deceptive and Unfair Trade Practices Act provides for actual damages, and the settlement provides a mechanism, with limits, for class members to obtain monetary relief. Accordingly, the Court finds the proposed settlement is within the range of possible recovery.  With regard to the third *Bennett* factor, even a settlement point below the range of possible recovery may qualify as fair, adequate, and reasonable. *Bennett,* 737 F.2d at 986.  In this case, the Court finds that the Settlement Agreement's injunctive relief requires Defendant to implement business changes with respect to its safeguarding of protected health information.

As to the fourth *Bennett* factor, the Court finds the complexity, expense, and duration of this litigation favors approval of the proposed settlement. As the record itself supports, this is a complex case and there are significant risks of continuing the

11

litigation. Plaintiff has advanced a novel claim with little jurisprudence. Continued litigation could potentially have resulted in failure for the Plaintiff and Settlement Class.

The Court also acknowledges that all of the issues that have been litigated in this case have consumed time, money, and judicial resources. If the case were to continue, the Court believes that the Settling Parties would engage in continued motions practice, including the important issue of class certification, and appellate practice. Trial would have been long, complicated, and expensive. Accordingly, even if Plaintiff were ultimately to prevail, the Settlement Class would only benefit after years of trial and appellate proceedings and the expenditure of significant expense by both sides. Moreover, the benefit obtained might not be any different than the important and significant relief being provided to Settlement Class members through this settlement. Thus, the Court finds that the Settlement Agreement provides the Settlement Class with certainty of result and a high level of assurance regarding the protection of their private information. *See Lipuma,* 406 F. Supp. 2d at 1324 (approving settlement that would "alleviate the need for judicial exploration of these complex subjects, reduce litigation cost, and eliminate the significant risk that individual claimants might recover nothing."). Therefore, the Court concludes that the fourth *Bennett* factor weighs in favor of the settlement's approval.

As to the fifth *Bennett* factor, the Court finds that the substance and amount of opposition to the settlement weighs in favor of the settlement's approval. No members of the Settlement Class oppose the settlement, nor have any governmental agencies filed opposition.

As to the sixth *Bennett* factor, the Court finds that the Settling Parties have sufficiently explored both the factual and legal aspects of this case through contentious motion practice and informal discovery.   The Settling Parties and the Court are well positioned and well-briefed to assess the strengths and weaknesses of this case and the benefits of the proposed settlement.

Importantly, the Court finds that there is no evidence of collusion. The Settling Parties negotiated the resolution of this case at arm's length.   During that time, the Settling Parties submitted to mediation before Brian F. Spector.   Mr. Spector "never witnessed or sensed any collusiveness between the parties. To the contrary, at each point during these negotiations, the settlement process was conducted at arm's-length and, while professionally conducted, was quite adversarial."  Spector Decl.

Further, Class Counsel has provided a sworn declaration that an agreement was reached only after considering such factors as: (1) the benefits to Plaintiff and the Settlement Class; (2) the strength of Plaintiff's case weighed against the settlement offer; (3) the attendant risks and uncertainty of litigation; (4) the attendant risks and uncertainty of establishing liability and damages; (5) Defendant's vigorous defense of the litigation and continued denial of the claims; and (6) the desirability of consummating this Settlement Agreement promptly to safeguard the privacy and security of Plaintiff and the Settlement Class members' personal information.  Based on all of these factors, the Court concludes that there is no evidence of collusion here.

Finally, this Settlement Agreement is supported by counsel for the Settling Parties. The Court finds that the unanimous support of counsel for this settlement

13

weighs in favor of its approval. Based on the foregoing, the Court concludes that the proposed settlement is fair, reasonable, and adequate.

### C.   NOTICE

The Court finds that the notice sent to Settlement Class members satisfies due process. As described in the declaration of the Claims Administrator, it caused the Postcard Notice to be mailed via U.S. Mail to the last known mailing address of each reasonably identifiable Settlement Class member. The Claims Administrator received a data file with the names and addresses of Settlement Class members from University of Miami. It submitted those names and addresses to cross-reference with the National Change of Address database for updated address information. On September 26, 2014, the Claims Administrator sent notice to 13,257 Settlement Class members. Only 790 of the notices were categorized as undeliverable.

As of December 8, 2014, the Claims Administrator received 9,879 unique visits to the website created for the settlement and received 193 calls to the call center created for the settlement. As of December 8, 2014, the Claims Administrator mailed 45 copies of the claim form to Settlement Class members and 47 copies of the long form notice to those who requested it in writing.

### D.   INCENTIVE AWARDS

The Settling Parties have negotiated an incentive award of $1,500 for the Class Representative. For purposes of settlement, the Court finds that such an amount is reasonable and approves the Defendant's payment of an incentive award of $1,500 to the Class Representative. First, as discussed above, for purposes of settlement, the Court finds that the Class Representatives is adequate. Ms. Carsten fulfilled her

obligations to the Settlement Class and was not motivated to do so by financial reward. She has been an active participant in all aspects of this case and was committed to addressing a problem she believed was important.   Moreover, she understood the tensions inherent in the case, the benefits and risks associated with continuing litigation, and the need to protect the rights of Settlement Class members.

For purposes of settlement, the Court further finds that the incentive award is not tantamount to a payment for damages; rather the award represents remuneration for the services performed for the benefit of the Settlement Class and reflects the amount of time and effort spent by the Class Representative, the duration of the litigation, and the role to the Settlement Class in commencing the suit.   Finally, the Court notes that the record is clear that the Class Representative negotiated the settlement terms before there was a discussion of an incentive award to the Class Representative and all negotiations were free from fraud or collision.   The evidence was established by the impartial mediator, Brian F. Spector, by the Class Representative, and the attorneys for the Class Representative. For purposes of settlement, the Court finds that the incentive award of $1,500 to the Class Representative for the significant work and responsibility that went into this case is fair and reasonable.

### E.     ATTORNEYS' FEES, COSTS AND EXPENSES

The Settling Parties agreed in the Settlement Agreement that Class Counsel would seek the Court's approval of an award of attorneys' fees, costs and other expenses of $90,000.00, in the aggregate, to be paid by Defendant.  Defendant agreed further to not oppose such amount so long as the application approved by the Court did not exceed the amount of $90,000.00.

15

The Florida Deceptive and Unfair Trade Practices Act is a statute that permits an award of reasonable attorneys' fees and other litigation costs reasonably incurred to prevailing plaintiffs. "The court's order on attorney's fees must allow meaningful review- the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1304 (11th Cir. 1988) (citing *Adams v. Mathis,* 752 F.2d 553, 554 (11th Cir. 1985)). Even when there is a settlement, as in this case, "the district court has a supervisory role and ultimately must calculate and set the attorneys' fees award up to a maximum of the [negotiated] cap." *Dikeman v. Progressive Exp. Ins. Co.,* 312 Fed. App'x. 168, 172 n.3 (11th Cir. 2008). "A district court is not bound by the agreement of the parties as to the amount of attorneys' fees. In fixing the amount of attorneys' fees the court must, of course, take all [appropriate] criteria into account, including the difficulty of the case and the uncertainty of recovery. [The Court] is not, however, merely to ratify a pre-arranged compact." *Piambino v. Bailey,* 610 F.2d 1306, 1328 (5th Cir. 1980) (internal citations omitted).

Having considered the *Johnson* factors and the evidence presented at the fairness hearing, for purposes of this settlement, the Court finds that the hours and hourly rates[1] of Plaintiff's counsel provide a reasonable basis for calculating the lodestar in this case. *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.

---

[1] The Court notes that attorneys' fees in the amount of $90,000 were agreed to by the parties as part of the Settlement Agreement. Because the fees were agreed upon and are to be paid separately from the class settlement benefits, the fee award is subject to a lower level of scrutiny. *See McBean v. City of New York,* 233 F.R.D. 377 (S.D.N.Y. 2006). However, the Court notes that the $900 per hour fee of Plaintiff's counsel is a high hourly rate. Nonetheless, the Court approves the fee award in this case based upon the documents submitted by counsel and in deference to the parties' agreement.

1974).  According to the declarations of Class Counsel, they incurred $5,531.74 in costs and expenses in litigating this matter. For purposes of settlement, the Court finds that the $5,531.74 in costs and expenses are reasonable, and will be awarded as part of the $90,000.00 awarded to class counsel.

### III.   FINAL JUDGMENT AND ORDER

**NOW THEREFORE,** after consideration of all motions, memoranda in support, declarations, argument of counsel, and being otherwise duly advised in the premises, it is **ORDERED and ADJUDGED** as follows:

1.     Plaintiff's Motion for An Award of (i) Attorney's' Fees, Costs and Expenses and (ii) Incentive Award to Class Representative and Memorandum of Points and Authorities in Support Thereof [ECF No. 36] **is GRANTED.** The Court awards $90,000.00 in attorneys' fees and costs, and an incentive award in the amount of $1,500 to Class Representative, Joan Carsten.  Defendant shall pay the award of attorneys' fees and expenses to Class Counsel and incentive award to Class Representative in accordance with the terms of the Settlement Agreement.

2.     For purposes of this Final Judgment and Order, the Court adopts and incorporates the definitions and meanings of the defined terms set forth in the Parties' Settlement Agreement.

3.     Plaintiff's Unopposed Motion for Final Approval of Settlement Agreement and Memorandum of Law in Support Thereof [ECF No. 37] **is GRANTED.**

4.     As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed after completion of the appellate process), the

17

Class Representative and the Settlement Class members, excepting only those individuals, if any, who effectively excluded themselves from the settlement in accordance with the terms of the class notice, shall be forever barred from bringing or presenting any action or proceeding against any of the parties released by the terms of the Settlement Agreement that involve or assert any of the claims released by that Settlement Agreement.   The Class Representative and Settlement Class members, excepting only those individuals, if any, who effectively excluded themselves from the settlement in accordance with the terms of the class notice, shall be deemed to have released and forever discharged the Released Parties, as defined in the Settlement Agreement, from all claims released by the Settlement Agreement.   All relief not expressly granted to the Settlement Class members through the Settlement Agreement is denied.   The Settled Claims, as defined in the Settlement Agreement, are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order of Final Approval and Final Judgment.

5.   The Amended Complaint in this action is hereby **DISMISSED WITH PREJUDICE**.

6.   The Court expressly approves each and every term contained in the Parties' Settlement Agreement.   Without limiting the foregoing, the Court specifically approves the claims process and procedure set forth in the Settlement Agreement.

7.   The Court reserves continuing and exclusive jurisdiction over the parties with respect to all matters relating to this Settlement Agreement, including the administration, interpretation, effectuation, and enforcement of the Settlement

18

Agreement and this Final Judgment and Order.  The Released Parties and each member of the Settlement Class are subject to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Florida for any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement that is the subject of this final judgment.  All Settlement Class members, excepting only those individuals, if any, who effectively excluded themselves from the settlement in accordance with the terms of the class notice, and all persons and entities in privity with them, are barred and enjoined from commencing or continuing any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement that is the subject of this Order of Final Approval and Final Judgment.

8.      This Court shall have exclusive jurisdiction and authority to rule upon and issue a final order with respect to the subject matter of any such action, suit, or proceeding whether judicial, administrative, or otherwise, which may be instituted by any person or entity, individually or derivatively, with respect to (i) the validity or enforceability of the Settlement Agreement, (ii) the authority of any Released Party to enter into or perform the Settlement Agreement in accordance with its terms, (iii) the remedies afforded by this Order of Final Approval and Final Judgment and the Settlement Agreement, or the attorneys' fees, class representatives' incentive award, interest, costs or expenses provided for in this Order of Final Approval and Final Judgment, (iv) any other foreseen or unforeseen case or controversy relating to or impacted by this Order of Final Approval and Final Judgment and Settlement Agreement, or (v) the enforcement, construction, or interpretation of the Settlement Agreement or this Order of Final Approval and Final Judgment.  This reservation of

jurisdiction does not limit any other reservation of jurisdiction in this Order of Final Approval and Final Judgment nor do any other such reservations limit the reservation in this sub-section.

9.    Neither this Order of Final Approval and Final Judgment nor the Settlement Agreement shall be construed or deemed evidence of or an admission or concession on the part of University of Miami with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that University of Miami has asserted.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _____ day of December, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE